UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY WOJCIK, an individual, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.

BUFFALO BILLS, INC.,
A New York Corporation,

        Defendant.

Case No. 8:12-cv-02414-SDM-TBM

### DEFENDANT'S OBJECTIONS TO DEPOSITION TRANSCRIPT OF GREGG PASTORE AND DECLARATION OF RANDALL A. SNYDER

Defendant Buffalo Bills, Inc. ("BBI") hereby raises the following objections to the Deposition Transcript of Gregg Pastore [DE 56] and Declaration of Randall A. Snyder [DE 57-1] submitted as exhibits in support of Plaintiff's Memorandum in Support of Motion for Class Certification:

1. The filing of the aforesaid Exhibits was untimely:

    a. On May 30, 2013, this Court issued an Order amending the briefing schedule for Plaintiff's motion for class certification. Pursuant to said Order [DE 50], Plaintiff was required to file his motion by "[n]o later than June 17, 2013" and "[a]bsent an acute circumstance, no further extension will issue".

    b. Plaintiff filed his notice of motion on June 17, 2013 at 11:40 PM [DE53], and his supporting memorandum without exhibits at 11:52 PM on June 17, 2013.

c. On June 18, 2013, at 12:09 AM, Plaintiff re-filed his memorandum, this time with exhibits attached.

d. Exhibits 1 and 6 to Plaintiff's memorandum were subsequently filed by Plaintiff well after the Court imposed deadline for filing, and were done without leave of Court and without conferring with counsel for BBI.

e. Specifically, Exhibit 1 (transcript for the deposition of Gregg Pastore, which was taken on May 24, 2103, and a transcript of which was provided less than a week later) and Exhibit 6 (Declaration of Randall A. Snyder, dated June 17, 2013) were filed on June 18, 2013, at 2:38 p.m. [DE56] and June 18, 2013, at 10:10 p.m. [DE 57], respectively – well after the papers were due and without leave from the Court. Copies of the electronic service notifications evidencing the dates and times for all of Plaintiff's filings are attached hereto collectively as **Exhibit 1**.

f. By reason of Plaintiff's late filing of Exhibits 1 and 6, said Exhibits should be disregarded by the Court and stricken from the record. *See Salgado v. General Motors Corporation*, 150 F.3d 735 (11th Cir. 1998) (affirming the trial court's striking of the plaintiff's expert witness report because, among other reasons, although the court had provided the plaintiff with two extensions of time to file the report and informed the plaintiff that the second extended deadline was the "final cutoff date", plaintiff still filed the report well after the deadline).

2. Should the Court decline to strike Exhibits 1 and 6 on the basis of Plaintiff's late filing, Defendant BBI still requests that the Court strike certain paragraphs of the Declaration of

Randall A. Snyder [DE57] because said paragraphs constitute mere speculation, are hearsay and/or lack proper foundation.

3.     Expert testimony is admissible only when "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The expert testimony must present "scientific, technical or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. This "knowledge" must be based on more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590.

4.     Under Rule 702, the court must determine "whether the reasoning or methodology underlying the [expert] testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93.

5.     Factors the Court may consider in making this determination include, but are not limited to: (1) whether the expert is proposing to testify about matters growing naturally and directly out of research he has conducted independently of the litigation, or whether his opinions were developed for litigation; (2) whether the expert has extrapolated from an accepted premise to an unfounded conclusion; (3) whether the expert has adequately accounted for obvious alternative explanations; (4) whether the expert is being as careful as he would be in his regular professional work; and (5) whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give. *See* Fed. R. Evid. 702 Advisory Committee's note re: 2000 Amendments.

6. The Court must evaluate whether the data relied upon by the expert is sufficient to support the conclusions and opinions being advanced, and "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

7. Defendant hereby objects to the following paragraphs of Mr. Snyder's declaration:

    a. Paragraph 7 - Mr. Snyder fails to provide any explanation of the "brief filtering process and examination" used by him to purportedly determine that 43,203 unique cellular telephone numbers were subscribed to the Buffalo Bills' text message service. This denies both Defendant and the Court the ability to ascertain whether the methodology employed is generally accepted and/or reliable.

    b. Paragraph 10 – the reference to the "2012 Mobile Future in Focus" industry lacks foundation and is hearsay.

    c. Paragraph 12 - Mr. Snyder fails to substantiate his conclusory opinion that the "entire wireless industry experiences just under 2% churn per month". Indeed, nowhere in his Declaration does Mr. Snyder provide any indication of the data from which this conclusion is derived or how this purported result was obtained. His opinion is based upon insufficient facts or data. Further, there is simply no way to determine if this conclusion is based upon reliable principles or methodology.

      d.    Paragraphs 13 - Mr. Snyder opines that "there exists commercially available third-party information service companies that collect and maintain subscriber data on behalf of wireless carriers." This conclusory opinion fails to provide either the Court or Defendant an objectively verifiable basis to evaluate the ability of such companies to identify subscribers solely based upon their cellular telephone numbers. Mr. Snyder fails to offer any evidence of the methods employed by such purported companies, the accuracy rates of such companies and/or the reliability of the results by such companies.

8.    Given the foregoing, Mr. Snyder's opinion "that the proposed class members can be effectively ascertained and identified based solely on their cellular numbers" constitutes improper expert testimony and is inadmissible. Defendant reserves the right to raise additional objections to the evidence submitted by Plaintiff in support of his motion for class certification at any subsequent proceeding in this action.

Dated: July 12, 2013
       Buffalo, New York

                          Respectfully submitted,

                          /s/ Jeffrey F. Reina
                          Jeffrey F. Reina, Esq.
                          (Lead counsel)
                          N.Y. Bar No. 3011822 (Admitted Pro Hac Vice)
                          LIPSITZ GREEN SCIME CAMBRIA LLP
                          42 Delaware Avenue, Suite 120
                          Buffalo, New York 14202
                          jreina@lglaw.com
                          Telephone: (716) 849-1333 [Ext. 481]
                          Facsimile: (716)849-1315

                          Janelle A. Weber, Esq.
                          Florida Bar No. 017630

SHUTTS & BOWEN LLP
4301 W. Boy Scout Boulevard, Suite 300
Tampa, Florida 33607
jweber@shutts.com
Telephone: (813) 227-8152
Facsimile: (813) 229-8901

*Attorneys for Defendant Buffalo Bills, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

        James Salvatore Giardina, Esq.
        james@consumerrightslawgroup.com

        Scott D. Owens, Esq.
        scott@scottdowens.com

        Keith J Keogh, Esq.
        keith@keoghlaw.com


        /s/ Jeffrey F. Reina
        Attorney