UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY WOJCIK,

    Plaintiff,

v.                                                    CASE NO.: 8:12-cv-2414-T-23TBM

BUFFALO BILLS, INC.,

    Defendant.
    _____/

## **ORDER**

The plaintiff Jerry Wojcik sues the defendant Buffalo Bills, Inc., under the Telephone Consumer Protection Act, 47 U.S.C. § 277, and alleges that the defendant sent him unauthorized text messages. The plaintiff alleges that other putative class members received similar unauthorized text messages from the defendant. The defendant denies the allegations.

On January 14, 2014, the plaintiff and the defendant entered a class action Settlement Agreement (Doc. 72-1) that proposes a settlement and the dismissal of this action with prejudice. After careful review of the Settlement Agreement, the exhibits to the Settlement Agreement, the pleadings, and other matters of record, the court finds that the Settlement Agreement (Doc. 72-1) should be preliminarily approved as follows:[*]

---

[*] Each capitalized term in this order carries the meaning ascribed to the term in the Settlement Agreement (Doc. 72-1).

1. Subject to the Fairness and Final Approval Hearing, the court finds the Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class.  The Settlement Agreement substantially fulfills the purpose and objective of the class action device and provides adequate relief to the Settlement Class without the risk, burden, cost, and delay of litigation.  The Settlement Agreement (a) results from an arms' length negotiation between the parties (assisted by an able and experienced court-appointed mediator, Peter J. Grilli), (b) warrants notice of the settlement to the Settlement Class, and (c) meets the requirements of law, including Rule 23, Federal Rules of Civil Procedure, and the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715.

**Certification of the Settlement Class**

2. For purposes of settlement (a) Scott Owens, James Giardina, and Keith Keogh are appointed Class Counsel for the Settlement Class, and (b) Jerry Wojcik is the named Class Representative.  Class Counsel are competent and able to represent the class, and the Class Representative will adequately protect the interest of the class.

3. For purposes of settlement, the court certifies the following Settlement Class:

> All Persons in the United States and its territories who, **from September 12, 2008, through and including January 15, 2014**, subscribed to the Text Service by texting the word "BILLS" from their cellular telephone to SMS short code 64621 in order to receive SMS text message alerts from the defendant and who received text messages from the defendant within a weekly period (a period of seven days measured from 12:00:01 a.m. Sunday to 11:59:59 p.m. Saturday) during which the number of text

>messages sent by the defendant as part of the Text Service exceeded five text messages in that week.

4. For purposes of settlement, the record establishes that the Settlement Class is so numerous that joinder of all members is impracticable; that there are questions of law and fact common to the Settlement Class; that the common questions of law or fact predominate over questions affecting individual members; that the claims of the Class Representative are typical of the claims of the Settlement Class; and that a class action is a superior method for fairly and efficiently adjudicating this action.

## Notice and Administration

5. The court approves as to form, content, and procedure the Notice Plan and the Notice. The Notice is valid and sufficient and comports with Due Process. The Notice is reasonably calculated in the circumstance to apprise the Settlement Class of the pendency of this action, of the terms of the Settlement Agreement, and of the Settlement Class members' right to object to the settlement and to exclude themselves from the Settlement Class. By agreement or to conform the Notice with this order, the parties may revise (in form, not substance) and update the Notice for accuracy, formatting, and the like.

6. The court appoints **Rust Consulting, Inc.**, as the Settlement Administrator.

7. No later than **May 30, 2014**, the defendant and the Settlement Administrator must publish the Notice and Claim Form on the Settlement Website in accord with the Settlement Agreement. Further, no later than **May 30, 2014**, the defendant and

the Settlement Administrator must send the Notice via US mail to the Settlement Class.  Members of the Settlement Class will be identified by using a reverse look-up service to identify, to the extent possible, the contact information for each cellular phone number registered with the Text Service.  The defendant and the Settlement Administrator must maintain the Settlement Website to provide full information about the Settlement Agreement.

### Claims

8. To benefit from the Settlement Agreement, a Settlement Class member must submit a completed Claim Form and must comply with the claims procedure in the Notice.  Each Claim Form must be postmarked and mailed no later than **July 18, 2014**, to the Claims Administrator at the address provided in the Notice.

### Exclusions

9. No later than **July 18, 2014**, members of the Settlement Class who wish to exclude themselves from the Settlement Class may do so by complying with the exclusion procedure in the Notice.  Each member excluded from the Settlement Class is neither bound by, nor entitled to benefit from, the Settlement Agreement.

10. To request an exclusion, the Settlement Class member must complete, sign, and submit a request for exclusion as stated in the Notice.  A request for exclusion must be postmarked and mailed no later than **July 18, 2014**, to the Claims Administrator at the address provided in the Notice.  Each Settlement Class member

who fails to submit a conforming and timely request for exclusion will be bound by the Settlement Agreement.

### Objections

11. A Settlement Class member who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to the entry of a final judgment dismissing this action with prejudice, or to the attorneys' fees and costs sought by Class Counsel, or to the proposed incentive award to the Class Representative.

12. To object, a Settlement Class member must submit a written objection as stated in the Notice on or before **July 28, 2014**. To be valid, each objection must include (a) the full name, current address, and telephone number of the objector, (b) a statement of the reasons why the objector believes the Settlement Agreement is not in the best interest of the Settlement Class, (c) and whether the objector intends to be heard at the Fairness and Final Approval Hearing. Each objector that submits a written objection in accord with the Notice may be heard at the Fairness and Final Approval Hearing; the time for each objector to speak will be limited.

13. In accord with the Notice, an objection must be timely mailed (a) to the court, (b) to Class Counsel, and (c) to counsel for the defendant.

### Fairness and Final Approval Hearing

14. The court will conduct a Fairness and Final Approval Hearing on **August 20, 2014, at 1:30 p.m.**, in Courtroom 15A of the Sam M. Gibbons United

States Courthouse, 801 North Florida Avenue Tampa, Florida 33602.  At the Fairness and Final Approval Hearing, the court (a) will determine whether the proposed settlement of this action is fair, reasonable, and adequate, (b) will determine whether the settlement should receive final approval, (c) will determine whether the court will enter a final judgment, and (d) will determine whether to approve the payment of an incentive award to the Class Representative.  The court may adjourn without further notice the Fairness and Final Approval Hearing.

15. No later than **August 5, 2014**, the parties will submit papers in support of final approval of the Settlement Agreement, the Incentive Award, and the Fee Award.

16. No later than **August 5, 2014**, the defendant will file proof of compliance with the notice requirements of CAFA, 28 U.S.C. § 1715(b).

The parties' joint motion (Doc. 72) to preliminarily approve the Settlement Agreement (72-1) is **GRANTED**.  The clerk will administratively close the case.

ORDERED in Tampa, Florida, on April 17, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE